# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-019-RLV-DCK

| | |
|---|---|
| SCOTT HINES, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )    **CONSENT PROTECTIVE ORDER**<br>) |
| NORTHERN ENGRAVING CORPORATION, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

To facilitate the prompt resolution of disputes over confidentiality and adequately protect material entitled to be kept confidential, the parties in the above-captioned matter, by and through their respective counsel, and pursuant Rule 26(c) of the Federal Rules of Civil Procedure, the parties hereby stipulate and agree to the terms of this Consent Protective Order ("Order") as follows:

1. **Scope.** This Order shall apply to information, testimony, documents and things provided by the parties in the above-captioned matter that contain: information protected from disclosure by statute; personal information (such as Social Security numbers); trade secrets; sensitive security data; or information in any format that the producing party believes in good faith constitutes or reveals any confidential, proprietary, commercially sensitive, or otherwise non-public business, technical, financial, or employee personnel information, or information protected by third-party privacy rights provided that any such information is generally unavailable to others, not readily determinable from other sources, and reasonably likely to lead

to competitive injury, invasion of privacy, or annoyance or oppression if disclosed to persons other than as provided herein.

2. **Non-disclosure of Stamped Confidential Documents.** No stamped confidential document may be disclosed to any person except as provided in paragraph 3 below. A "stamped confidential document" means any document that bears the legend "CONFIDENTIAL." For purposes of this Order, the term "document" shall have the meaning assigned to that term in Rule 34(a).

3. **Permissible Disclosures.** Stamped confidential documents and information may be disclosed to:

(a) counsel for the parties in this action who are actively engaged in the conduct of this litigation, including counsel's legal and clerical assistants;

(b) a party, or an officer, director, or employee of a corporate party deemed necessary by counsel for that party to aid in the prosecution, defense, or settlement of this action;

(c) this Court or any other court exercising appellate jurisdiction with respect to the determinations of this Court, court officials, employees, and stenographers transcribing testimony or argument at a hearing, trial, or deposition;

(d) persons sitting for depositions or appearing as trial witnesses;

(e) outside consultants or experts retained for the purpose of assisting counsel in the litigation;

(f) court reporters employed in this action;

(g) any jurors and alternate jurors in the lawsuit;

(h) a non-party who authored or is shown to have previously received the confidential document; and

(i) any other person as to whom the parties in writing agree, provided, however, that persons identified in subparts (d) and (e) shall sign the form appended as Exhibit A prior to the disclosure of any stamped confidential documents to such person.

4. **Dispute Regarding Classification.** In the event that a party objects to the designation of any document or documents as confidential by the other party, the objecting party shall provide notification of the objection to counsel for the party asserting confidentiality. Counsel for the party asserting confidentiality may apply to the Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Any document(s) that are stamped confidential and subject to challenge shall be treated as subject to the protections of this Order until the Court orders otherwise.

5. **Designation of Transcripts.** When confidential information is incorporated into a transcript of a deposition, hearing, trial or other proceeding, including exhibits, the designating party shall, with the cooperation of all other parties, make arrangements with the reporter during the course of such deposition or other proceeding to label such transcript, portions thereof and/or exhibits as "CONFIDENTIAL." In the alternative, a party may designate, in writing, such transcripts, portions thereof and/or exhibits as "CONFIDENTIAL" within twenty-one (21) days after receipt by the designating party of the original or a copy thereof.

6. **Use of Confidential Information.** Persons obtaining access to stamped confidential documents or information under this Order shall use the information only for preparation and trial of this litigation (including motion practice, mediation, appeals and retrials), and shall not use such information for any other purpose, including, but not limited to use in business, governmental, commercial, administrative, or judicial proceedings or transactions unrelated to the present action.

7. **Confidential Information at Trial.** Subject to the Federal Rules of Civil Procedure, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosures. The Court then will determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

8. **Filing of Confidential Information.** To the extent that any party seeks to file documents or information subject to this Order with the Court, the filing party may either (i) file a motion for leave to file the information under seal prior to submitting such material to the court, or (ii) seek the producing party's consent to file such information without such protections. Any party who wishes to file documents under seal shall follow the procedures laid out in Local Civil Rule 6.1.

9. **Non-termination.** The provisions of this Order shall not terminate at the conclusion of this action. Within ninety (90) days after final conclusion of all aspects of this litigation, including any and all appeals or collateral proceedings, stamped confidential documents and all copies of same shall be returned to the party or person that produced or designated such documents or stamped confidential documents and all copies of same shall be destroyed unless the document has been entered as evidence or filed (unless introduced or filed under seal). All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced or designated the documents not more than forty-five (45) days after final termination of this litigation. The ultimate disposition of protected materials shall be subject to a final order of the Court on the completion of litigation.

10. **No Waiver**. The inadvertent, unintentional, or *in camera* disclosure of confidential documents and information shall not be deemed a waiver of the party's claims of confidentiality. If a party inadvertently or unintentionally produces any confidential document or information without marking or designating it as such, the party may, promptly upon discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order. Each person receiving such a notice must treat the inadvertently-produced, confidential information as confidential from the date such notice is received. If the inadvertently produced, confidential information has been disclosed prior to the receipt of such notice, the party that made the disclosure shall notify the party providing notice of inadvertent disclosure in writing within fourteen (14) days.

11. **Privileged Documents.** Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of communications, documents, or information protected by the attorney-client privilege, work product doctrine, or any other privilege ("Privileged Material") shall not constitute a waiver of any privilege or other protection if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The producing party will be deemed to have taken reasonable steps to prevent Privileged Material from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product, or other protection. In the event of the inadvertent disclosure of Privileged Material, the producing party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) days from the

date that the inadvertent disclosure was discovered or brought to the attention of the producing party, the producing party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced Privileged Material (including any and all work product containing such Privileged Material). The receiving party also has an affirmative obligation to notify the producing party if it receives communications, documents, or information that appear to constitute Privileged Material. Upon receiving such a request from the producing party, the receiving party shall promptly sequester, return, delete, or destroy all copies of such inadvertently produced Privileged Material (including any and all work product containing such Privileged Material), and shall make no further use of such Privileged Material (or work product containing such Privileged Material).

12. **Effect of Order.** This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in that process. Neither this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

**STIPULATED AND AGREED TO THIS 11TH DAY OF APRIL, 2017:**

By: */s/Paul E. Culpepper*
Paul E. Culpepper
NC Bar No. 19883
Timothy D. Swanson NC
Bar No. 35598
P.O. Drawer 2428
Hickory, North Carolina 28603
Phone: (828) 322-4663
Fax: (828) 324-2431
Email: paulc@hickorylaw.com
          timothys@hickorylaw.com

*Counsel for Plaintiff*

By: */s/Ada W. Dolph*
Frederick T. Smith
NC Bar No. 45229
SEYFARTH SHAW LLP
6000 Fairview Road
Suite 1200
Charlotte, North Carolina 28210
Phone: (404) 888-1021
Fax: (404) 892-7056
Email: fsmith@seyfarth.com

Ada W. Dolph*
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Phone: (312) 460-5000
Fax: (312) 460-7000
Email: Adolph@seyfarth.com

*Counsel for Defendant*

*Admitted pro hac vice

**SO ORDERED.**

Signed: April 18, 2017

David C. Keesler
United States Magistrate Judge